## REUTER v. HAMILTON.

Common Pleas Court, Hamilton County.

No. A-118504.   Decided February 6, 1950.

Edward Strasser, Cincinnati, for plaintiff.
David L. Shannon, Cincinnati, for defendant.

## OPINION

By PECK, J.

This matter is before this court on the defendant's demurrer to the plaintiff's amended petition. The amended petition alleges, in essence, that the parties entered into a contract under the terms of which the defendant agreed that upon the occurrence of certain conditions he would transfer

an Ohio State Liquor Permit to the plaintiff, that such conditions had come into existence, and that the defendant had refused to make such transfer; the relief sought is specific performance. The grounds of the demurrer upon which the defendant primarily relies are that no cause of action in favor of plaintiff against defendant is alleged, and that this court has no jurisdiction of the subject of the action. The matter was orally argued by counsel for the defendant, and both sides have submitted written memoranda. In that connection it might be mentioned that in the plaintiff's memorandum is set forth what appears to be the complete contract between the parties. That contract is not before the court and has not been taken into consideration; in fact, it has not even been read.

The basic claim of the defendant is that such a Liquor License is a privilege which is granted by a state agency (the Board of Liquor Control), and that the granting of such a privilege is exclusively within the jurisdiction of that agency; and that this privilege is not a contract or property right. Authorities are cited to support this contention, and it cannot be seriously contended that these authorities do not settle the points for which they stand. The question is as to their applicability to the present situation.

Since the demurrer admits for its own purpose the facts well pleaded, it is here assumed that circumstances have come into existence under which the defendant has contracted to do an act. That act, the petition alleges, is to **transfer** a Liquor Permit. That he cannot do, it being within the sole power of the Board of Liquor Control to substitute one permit holder for another. Thus, considered from a narrow and technical approach, it becomes apparent that the parties entered into a contract under which the defendant contracted to do an act which he does not have the power to do. The court is therefore presented with a problem of contract interpretation and must determine the intent of the parties.

It therefore becomes pertinent for the court to consider the intention of the parties in entering this contract. Did the parties, by the use of the word "transfer" literally mean that the defendant would himself make the transfer, or did they intend that he should do such acts as were required to be done by him to cause such a transfer to be made?

If the language of a contract is susceptible of two constructions, one of which will render it valid and give effect to the obligation of the parties, and the other will render it invalid and ineffectual, the former construction must be

adopted. (**Stewart v. Herron, 77 Oh St, 130; Cleveland & P. R. Co., v. Kelly, 5 Oh St., 180; Happ v. Ins. Co., 85 Oh St, 473.**) See also **National Bank v. Ins. Co., 83 Oh St, 309,** in which it was held that in the construction of a contract, courts should give effect, if possible, to every provision there contained, and if one construction of a doubtful condition written in a contract would make that condition meaningless, and it is possible to give it another construction that would give it meaning and purpose, then the latter construction must obtain.

In the present case, to hold the parties to the strict, technical interpretation of the language used would enable the defendant to entirely avoid his contractual obligation. What will be developed if this cause is tried on its merits we are not free to conjecture, but at least at this stage of the proceedings the narrow interpretation of the portion of the contract contended for by the defendant will not be adopted.

The demurrer will be overruled and the defendant given twenty days in which to plead.